O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>SANTIAGO IBARRA,<br><br>Defendant/Petitioner. | Case No. EDCV 08-1764-VAP<br>***EDCR 05-0053-VAP***<br><br>**[Motion filed on June 24, 2009]**<br><br>**MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS RESPONDENT'S MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE OR SET ASIDE CONVICTION** |

**I. SUMMARY OF PROCEEDINGS**

On December 3, 2008, pro se Petitioner Santiago Ibarra filed a "Motion for Reduction of Sentence by an Inmate in Federal Custody" pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). On June 24, 2009, Respondent United States of America filed a Motion to Dismiss Petitioner's § 2255 Motion ("Motion"). Petitioner filed no timely Opposition.

## II. BACKGROUND

On July 5, 2005, a federal grand jury returned a four-count indictment against Petitioner and two co-defendants. The indictment charged Petitioner with, in Count Three, violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute and to distribute methamphetamine and, in Count Four, violation of 21 U.S.C. § 841, possession with intent to distribute approximately 987.9 grams of actual methamphetamine.

On September 2, 2005, Petitioner pled guilty to Count Three of the indictment. On February 15, 2006, the Court sentenced Petitioner to 168 months of imprisonment.

Petitioner appealed his sentence to the Ninth Circuit Court of Appeals, which affirmed his sentence on February 27, 2007. Petitioner then petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court denied the petition on October 29, 2007.

## III. PETITIONER'S CONTENTIONS

Giving the § 2255 Motion a liberal construction, it appears Petitioner asserts the following claims: (1) ineffective assistance of counsel because his lawyer did not allow him to proceed to trial, thereby "causing an involuntary plea and a coercion of plea"; (2) unreasonable sentence length; and (3) ineffective

assistance of counsel at sentencing because his counsel failed to object to the quantity of drugs to which Petitioner pled guilty. (See § 2255 Mot. at 5.)

## IV. DISCUSSION

As Respondent argues, the Petitioner's Motion is untimely brought under Section 2255, and subject to denial solely on that basis. (See Mot. at 1-3.)

Section 2255 requires that any motion for relief under that section must be filed within one year from "the date on which the conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on October 29, 2007; thus, in order to be timely, any § 2255 Motion had to be filed no later than October 29, 2008. Petitioner did not file this Motion until December 3, 2008, approximately one month beyond the statutory deadline. Moreover, to the extent Petitioner would be entitled to the benefit of the "mailbox rule,"[1] the Court notes that the § 2255 Motion is dated by Petitioner on November 1, 2008, and thus remains untimely even upon application of that rule. The § 2255 Motion is denied as untimely.

---

[1] The "prison mailbox rule" established by the U.S. Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), permits a prisoner's federal habeas petition or civil rights complaint to be deemed filed when he hands it over to prison authorities for mailing to the district court.

## V. Conclusion

For the foregoing reasons, the Court GRANTS Respondent's Motion to Dismiss Petitioner's § 2255 Motion.

Dated: August 23, 2009

VIRGINIA A. PHILLIPS
United States District Judge